**WHEELER TERRACE, INC., Appellant,**

**v.**

**Kyle LYNOTT, a minor, by and through Lois J. Lynott and William R. Lynott, her parents and next friends, and Lois J. Lynott and William R. Lynott, Individually, Appellees.**

**No. 4076.**

District of Columbia Court of Appeals.

Argued June 19, 1967.

Decided Oct. 18, 1967.

Mark P. Friedlander, Washington, D. C., with whom Mark P. Friedlander, Jr., Blaine P. Friedlander, Washington, D. C., and Harry P. Friedlander, Arlington, Va. were on the brief, for appellant.

Benjamin F. Rossner, Washington, D. C., with whom Carl K. Goodson, Washington, D. C., was on the brief, for appellees.

Before HOOD, Chief Judge, MYERS, Associate Judge, and QUINN, Associate Judge, Retired.

MYERS, Associate Judge:

A jury awarded damages to the seven year old appellee and her parents for personal injuries sustained when the child fell over the stump of a bush protruding from the grounds of an apartment house project. At the time of the accident the child's family lived in the project owned and maintained by the corporate appellant.

At trial appellant's liability was established by evidence tending to show that: the unpaved area where the child fell was commonly used as a walkway by the tenants and was part of a direct route from appellees' apartment to the nearest playground; the only path provided by appellant was obstructed by an outdoor staircase where the path crossed in front of a building entrance, and pedestrians habitually walked across the unpaved ground to avoid the obstruction; a three-inch high stump had been protruding from the unpaved walkway for at least a year before the accident; and the child fell only because she tripped over the stump.

Appellant attempted to prove that the child did not fall on a walkway but on a lawn where pedestrian traffic was prohibited; that appellee had provided a safe, unobstructed paved path for use by the tenants; and that no stump was ever left to protrude from the area in question.

■ The conflicting evidence created questions of fact which the jury resolved in appellees' favor. Since the record contains sufficient evidence to support the jury's conclusion, this court will not overrule the trier of fact merely because the record also contains facts to support a different conclusion. The jury's finding that appellant negligently maintained the walkway in a dangerous condition despite constructive notice that the hazard existed will not be disturbed.

■ Appellant contends that the trial court erroneously charged the jury on the standard of care due a child. The court charged:

It is ordinarily necessary to exercise greater care for the protection and safety of a young child than for an adult person who possesses normal physical and mental faculties. One dealing with children must anticipate the ordinary behavior of children. The fact that they usually cannot and do not exercise the same degree of prudence for their own safety as adults, that they often are thoughtless and impulsive, imposes a duty to exercise proportionate vigilance and caution in those dealing with children.[1]

This instruction correctly states the degree of care required of an adult dealing with children. The presence of young children is a circumstance that must be taken into account in deciding whether appellant's actions were reasonable and prudent. Appellant knew or should have known that children regularly used the walkway and that it owed those children the duty of exercising a degree of care that any reasonably prudent man would exercise under similar circumstances.[2]

■ Appellant argues that the evidence was not sufficient to support the $5,300 verdict. Although the out-of-pocket expenses that appellees proved at trial were comparatively moderate, appellees intro-

1. This is the instruction recommended in the Revised Standarized Jury Instructions for the District of Columbia published by the Bar Association for the District of Columbia (1963) and has been generally approved for use by trial judges in this jurisdiction.

2. A finding that a condition much like the one in this case was a hazardous condition and sufficient to hold a defendant liable for injuries to an adult plaintiff was upheld in District of Columbia v. Randle, 95 U.S.App.D.C. 23, 217 F.2d 669 (1954).

duced expert testimony that the loss of two front teeth was permanent and that the child would require periodic dental treatments for the rest of her life. In addition, her pain and suffering from the fall were fully described as was the embarrassment she suffered because she was forced to wear caps on her teeth that were considerably larger than her natural teeth. This evidence was not seriously contested by appellant at trial. Nor has appellant established that the jury was motivated by passion or prejudice. Under the circumstances, it cannot be said that the amount of the award bears no relation to the evidence.

We have considered appellant's other allegations of error and find them without merit. The judgment upon the jury verdict is

Affirmed.