Douglas LeGRAND, Appellant,

v.

INSURANCE COMPANY OF NORTH
AMERICA, Appellee.

John PAGONIS, Appellant,

v.

INSURANCE COMPANY OF NORTH
AMERICA, Appellee.

Nos. 4067, 4068.

District of Columbia Court of Appeals.

Argued April 8, 1968.

Decided May 13, 1968.

Ben Cotten, Washington, D. C., with whom F. Wainwright Barnes, Washington, D. C., was on the brief, for appellant LeGrand.

Nicholas Kapnistos, Washington, D. C., filed a brief for appellant Pagonis.

William J. Fitzgerald, Washington, D. C., with whom Dennis Collins, Washington, D. C., was on the brief, for appellee.

Before MYERS, KELLY and FICKLING, Judges.

FICKLING, Associate Judge.

George Turner, owner of certain premises, entered into an agreement with appellant LeGrand to paint the exterior of Turner's house. Appellant Pagonis was brought in by LeGrand to do the work. During the process of removing the old paint by blowtorch, a fire occurred on a rear window frame resulting in damage amounting to $3,136.83. Turner was reimbursed by appellee insurance company which, as subrogee to the owner's rights, brought this action against both appellants for the amount paid. The trial court, sitting without a jury, entered judgment against both appellants from which they appeal, claiming there was insufficient evidence to support it.

Evidence adduced at the trial indicates that the fire occurred after appellant Pagonis had applied *excessive* heat by blowtorch in the vicinity of the rear window frame for the purpose of preparing

the surface for painting. It is undisputed that the blowtorch method is recognized in the trade as appropriate for removing paint. However, the uncontroverted evidence supports the conclusion of the trial judge[1] that the fire was caused by the negligence of Pagonis.

Appellant LeGrand contends that no liability attached to him because of the negligence of Pagonis, there being no master-servant relationship between them.

Some of the factors to be considered in determining whether the relationship does exist are:

"(1) the selection and engagement of the servant, (2) the payment of wages, (3) the power to discharge, (4) the power to control the servant's conduct, (5) and whether the work is part of the regular business of the employer. Standing alone, none of these *indicia,* excepting (4), seem controlling in the determination as to whether such relationship exists. The decisive test * * is whether the employer has the *right to control and direct the servant in the performance of his work and the manner in which the work is to be done."* Dovell v. Arundel Supply Corporation, 124 U.S.App.D.C. 89, 90, 361 F.2d 543, 544, cert. denied, 385 U.S. 841, 87 S.Ct. 93, 17 L.Ed.2d 74 (1966).[2]

Although there was conflicting testimony presented to the trial court, the following facts could be concluded from the evidence adduced:[3] that LeGrand selected Pagonis to do the work and, from the outset, assured the owner that he would and did supervise the work done by Pagonis; that the owner and Pagonis had repeated contacts with LeGrand as to the work to be done and the changes in the methods to be used in accomplishing the

work, and with respect to payment; that LeGrand instructed Pagonis as to the method to be used, both initially and during the performance of the work; that LeGrand did take action to correct Pagonis when the owner complained about the method being used to accomplish the work, by directing Pagonis to use the blowtorch method; that, at the time of payment, LeGrand directed the owner to pay Pagonis directly; that LeGrand had the power to dismiss Pagonis during performance of the work if he was doing a "bad job"; that LeGrand was in the painting business, as was Pagonis; and that LeGrand had an interest in the work because of his desire to retain a valued customer.

We agree that the master-servant relationship has been established, and, therefore, the judgment is

Affirmed.

---

1. Schwartzbach v. Thompson, D.C.Mun. App., 33 A.2d 624, 625 (1943).

2. The employer's desire to retain customers' good will has been treated as an additional factor. Grace v. Magruder,

80 U.S.App.D.C. 53, 56, 148 F.2d 679, 682, cert. denied, 326 U.S. 720, 66 S.Ct. 24, 90 L.Ed. 426 (1945).

3. Wheeler Terrace, Inc. v. Lynott, D.C. App., 234 A.2d 311, 312 (1967).