Khadim ALKANANI, Plaintiff,

v.

**AEGIS DEFENSE SERVICES, LLC,**
and Aegis Defence Services
Limited, Defendants.

Civil Action No. 09–CV–
1607 (KBJ)(AK).

United States District Court,
District of Columbia.

Sept. 16, 2013.

Andrea L. Moseley, Dimuroginsberg PC, Alexandria, VA, Shereef H. Akeel, Akeel & Valentine, PLC, Troy, MI, for Plaintiff.

David Andrew Handzo, Matthew E. Price, Jenner & Block LLP, Washington, DC, for Defendants.

### MEMORANDUM OPINION AND ORDER

KETANJI BROWN JACKSON, District Judge.

This matter is before the Court on Magistrate Judge Kay's August 7, 2013, Report and Recommendation addressing the motion for summary judgment (ECF No. 47) filed by Defendant Aegis Defense Services, LLC ("Aegis LLC"). (Report and Recommendation, ECF No. 61.)[1] Plaintiff Khadim Alkanani brought this action seeking to hold Aegis LLC and Aegis Defence Services Limited ("Aegis UK") and several unidentified Aegis employees and/or agents liable for injuries Plaintiff suffered when an unidentified Aegis UK security guard at a checkpoint in Iraq fired his weapon at Plaintiff's vehicle and struck Plaintiff's foot. (See Compl., ECF No. 1; Report and Recommendation at 5.) Aegis LLC contended that there were no grounds to hold it liable for the actions of an employee of Aegis UK. (Report and Recommendation at 5.) In response, Plaintiff advanced three theories for establishing Aegis LLC's liability: (1) the alter ego theory; (2) the successor liability theory; and (3) the agency theory. (Id.) Plaintiff also sought additional discovery. (Id.)

After considering the parties' motions in the course of a detailed Report and Recommendation, Magistrate Judge Kay concluded that none of Plaintiff's theoretical bases for jurisdiction won the day, and recommended that this Court grant Aegis LLC's motion for summary judgment and deny Plaintiff's request for additional discovery. (Id. at 13.)

The Report and Recommendation also advised the parties that under the provisions of Local Rule 72.3(b) of the United States District Court for the District of Columbia, any party who objects to the Report and Recommendation must file a written objection with the Clerk of the Court within 14 days of the party's receipt of the Report and Recommendation. (Report and Recommendation at 13.) As of this date—over one month after the Report and Recommendation was issued—no objections have been filed.

After consideration of the Magistrate Judge Kay's Report and Recommendation, the absence of any party's objections thereto, the entire record before the Court, and the applicable law, the Court will adopt Magistrate Judge Kay's Report and Recommendation in its entirety. Accordingly, it is hereby

---

1. Magistrate Judge Kay addressed Defendant Aegis UK's motion to dismiss (ECF No. 48) in a separate Report and Recommendation (ECF No. 62).

**ORDERED** that the Report and Recommendation (ECF No. 61) is **ADOPTED** in its entirety; and it is

**FURTHER ORDERED** that in accordance with the Report and Recommendation, Defendant Aegis LLC's motion for summary judgment (ECF No. 47) is **GRANTED**; and it is

**FURTHER ORDERED** that all claims against Aegis LLC are **DISMISSED** with prejudice.

## REPORT AND RECOMMENDATION

ALAN KAY, United States Magistrate Judge.

Khadim Alkanani ("Plaintiff") brought suit against Aegis Defense Services, LLC ("Aegis LLC"), Aegis Defence Services Limited ("Aegis UK"), and several unidentified Aegis employees and/or agents. Compl. [1] at 1. Two motions were referred to the undersigned for a Report and Recommendation: 1) Defendant Aegis LLC's Motion for Summary Judgment [47] and 2) Defendant Aegis UK's Motion to Dismiss for lack of jurisdiction [48]. Judge Richard W. Roberts Order [46]. Aegis UK's Motion to Dismiss [48] will be addressed in a separate Report and Recommendation.

This Report and Recommendation addresses Aegis LLC's Motion for Summary Judgment [47] ("Def.'s Mot."), Plaintiff's Reply in Opposition to Aegis LLC's Motion for Summary Judgment [50] ("Pl.'s Opp'n") (sealed materials at [51] ), and Aegis LLC's Reply in Support of its Motion for Summary Judgment [58] ("Def.'s Reply"). The undersigned held a hearing regarding the parties' briefings on January 25, 2013. For the reasons set forth below, the undersigned recommends that the Defendant Aegis LLC's Motion be granted.

## BACKGROUND

On May 25, 2004, the U.S. Department of the Army awarded a Contract No. W911 SO04–C–003 ("Contract") to Aegis UK for the period from June 1, 2004, through May 31, 2007. Ex. 1 of Aegis UK's Mot. to Dismiss ("Aegis UK's Mot."), Decl. of Jeffrey Day [48–1] ("Day Decl. Oct. 2012") at ¶ 6. Aegis UK negotiated and signed the Contract in the United Kingdom while representatives from the Department of Defense were based in Virginia. *Id.* at ¶ 8. Pursuant to the terms of the Contract, Aegis UK was to provide security-management services, protective services, and anti-terrorism support to various entities involved in reconstruction efforts in Iraq. *Id.* at ¶ 7.

On June 3, 2005, Plaintiff, a United States Soldier, was returning from an intelligence mission in Baghdad to the United States Military Facility ("Facility") at the Baghdad International Airport. Compl. [1] at ¶ 3. Plaintiff's vehicle approached a military checkpoint approximately one and a half miles from the Main Gate of the Facility. *Id.* at ¶ 6. Shortly after Plaintiff's vehicle traveled through the checkpoint, an unidentified Aegis UK security guard fired his weapon at Plaintiff's vehicle. Aegis UK's Mot. to Dismiss [48] at 1. One of the bullets struck and injured Plaintiff's foot. *Id.*

On August 24, 2009,[1] Plaintiff filed a five-count complaint[2] in the U.S. District Court for the District of Columbia against

---

1. Plaintiff invoked the Soldier's and Sailor's Relief Act to toll the statute of limitations until he was honorably discharged on September 19, 2006. Compl. [1] at ¶ 35.

2. The claims are: 1) negligence; 2) negligent hiring, training and supervision; 3) intentional infliction of emotional distress; 4) negligent infliction of emotional distress; and 5) gross negligence. Compl. [1] at 9–11.

Aegis UK, Aegis LLC, and unidentified Aegis employees and/or agents.[3] Compl. [1] at ¶ 1. Aegis UK is a private defense contractor based in London, England, and incorporated under the laws of England and Wales. Day Decl. Oct. 2012 [48–1] at ¶ 1. It had two wholly owned subsidiaries in the U.S., Aegis Defense Services, Inc. ("Aegis Inc."), which is a dormant entity, and Aegis LLC. *Id.* at ¶ 24; Ex. A of Aegis UK's Reply to Pl.'s Supp. Brief, Second Supp. Decl. of Jeffrey Day ("Day Second Supp. Decl.") ¶ 5 [60–1]. Aegis LLC is currently a 99% owned subsidiary of Aegis UK. Day Decl. Oct. 2012 [48–1] at ¶ 24. Aegis LLC was incorporated in Delaware on May 30, 2006, approximately a year after the date of Plaintiff's injury, and was registered to do business in the District of Columbia on August 22, 2006. *Id.* at ¶ 3. Aegis LLC's principal place of business is in Virginia. *Id.* Plaintiff currently resides in Texas. Compl. [1] at 1,[4] Hearing on 1/25/2013.

On May 21, 2008, Aegis LLC entered into a contract, Special Security Agreement ("SSA"), with the Defense Security Service, a sub agency of United States Department of Defense ("DOD"), which stipulated *inter alia* that Aegis LLC is "required to manage its own affairs to mitigate the risk of foreign ownership, control, and influence." Def.'s Reply [58] at 6; Ex. A of Def.'s Reply, Supp. Decl. of Jeffrey Day [58–1] ("Day Supp. Decl.") at ¶ 3.

Aegis LLC is required to obtain Aegis UK's consent only to take actions outside of the normal course of business. *Id.*

Aegis UK's and Aegis LLC's assets and funds are not commingled. Day Decl. Oct. 2012 [48–1] at ¶ 30. They do not share offices or business locations, and they maintain separate payrolls. Day Decl. Oct. 2012 [48–1] at ¶¶ 23, 31, 32. Two members of the Aegis UK board of directors are members of Aegis LLC's board of directors. Ex. A of Aegis UK's Mot. to Dismiss, Decl. of Jeffery Day ("Day Decl. Dec. 2009") [17–1] at ¶ 28. Between 2006 and 2008, when Aegis LLC was 100% owned by Aegis UK, Aegis LLC was treated for tax purposes as a disregarded entity.[5] Day Decl. Oct. 2012 [48–1] at ¶ 37. Any income earned by Aegis LLC was reflected in federal and District of Columbia tax returns filed by Aegis UK. *Id.* However, Aegis UK's tax returns did not reflect any U.S. income derived from its own business activities. *Id.* Aegis UK licensed Aegis LLC to use its trademark and name. Pl.'s Compl. ¶ 4 [1]. Currently, Aegis LLC performs recruiting and vetting services as an independent contractor for Aegis UK. Day Supp. Decl. [58–1] at ¶ 4.

It is not disputed that between 2004 and 2009, Aegis UK personnel made approximately one hundred trips to the District of Columbia. Declaration of Sylvia White ("White Decl.") ¶ 3 [48–2]; Ex. A to White

---

3. The Complaint treated Aegis UK and Aegis LLC collectively as "Aegis." Comp. [1] at ¶ 1.

4. This information is in the caption of the Complaint [1].

5. A business entity that is wholly owned by a single owner is treated as a disregarded entity under tax law. 26 C.F.R. § 301.7701–2(c)(2). The IRS will treat an LLC either as a corporation, partnership, or as part of the owner's tax return (a "disregarded entity"). Internal Revenue Service, Single Member Limited Lia-

bility Companies (Oct. 16, 2102), available at http://www.irs.gov/Businesses/Small-Businesses-&-Self-Employed/Single–Member–Limited–Liability–Companies. For federal income tax purposes, the assets of a disregarded entity are generally treated as being owned directly by its owner. *Id.* As a result, a disregarded entity is not required to file a separate federal income tax return, but rather all items of income, deductions, and loss are included in the federal income tax return of its owner. *Id.*

Decl. [53–3]. Twenty-eight of which were related to Aegis LLC, seven related to conferences, thirty related to nongovernmental contracts performed outside the District of Columbia, and forty-eight were for the purpose of meeting government officials or the Iraqi Embassy. *Id.* Aegis UK acknowledged that it considered potential business acquisitions in the District of Columbia and met with various banks, attorneys, and special interest groups but did not engage in any business ventures in the District of Columbia. Ex. A to White Decl. [53–3] at Bates 232–281. Aegis UK also sent two marketing letters to seven District of Columbia residents, Bates 487 [53–3], and maintained a website accessible by the public, Aegis UK's Mot. at 15 [48]. Prior to this lawsuit, Aegis UK filed a trademark infringement claim in the District of Columbia, but never served the complaint. Ex. A of Pl.'s Compl. at 1 [1–1]; Aegis UK's Mot. at 23 n. 11 [48]. It has no office, agent for service of process, leased or owned property, bank account, or other assets within the District of Columbia. Day Decl. Oct. 2012 [48–1] ¶¶ 10–14.

On September 17, 2012, U.S. District Court Judge Richard Roberts referred dispositive motions filed by both defendants to the undersigned for a Report and Recommendation. Referral to Magistrate Judge [46]. On October 22, 2012, Aegis LLC filed a Motion for Summary Judgment [47] and Aegis UK filed a Motion to Dismiss [48]. This case was reassigned to U.S. District Court Judge Ketanji Brown Jackson by Minute Order dated 4/5/2013.

### STANDARD OF REVIEW

Under Federal Rules of Civil Procedure 56, a grant of summary judgment is appropriate when the record shows no genuine issue of material fact and the moving party deserves judgment as a matter of law. *See* Fed.R.Civ.P. 56(a); *Anderson v.*

*Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Tao v. Freeh,* 27 F.3d 635, 638 (D.C.Cir.1994). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (internal quotations omitted). To defeat summary judgment, the non-moving party must "designate specific facts showing there is a genuine issue for trial." *Id.* at 324, 106 S.Ct. 2548 (internal quotations omitted). The existence of some factual dispute is insufficient to preclude summary judgment if the facts at issue are not material. *Anderson,* 477 U.S. at 247–48, 106 S.Ct. 2505. A dispute is "genuine" only if a reasonable fact-finder could find for the non-moving party. *Id.* at 248, 106 S.Ct. 2505. A fact is only "material" if it is capable of affecting the outcome of the litigation. *Id.; Laningham v. U.S. Navy,* 813 F.2d 1236, 1241 (D.C.Cir.1987). When ruling on a motion for summary judgment, the court must draw all inferences in a light most favorable to the non-moving party. *McCready v. Nicholson,* 465 F.3d 1, 7 (D.C.Cir.2006).

### DISCUSSION

Plaintiff seeks to hold Aegis LLC liable for a gunshot injury in Baghdad for which Aegis UK admits was solely caused by an Aegis UK employee. Aegis UK's Mot. to Dismiss [48] at 1. Plaintiff's injury relates to the Contract solely between the United States Government and Aegis UK. *Id.* Aegis LLC did not exist when Plaintiff sustained his injury. Day Decl. Dec. 2009 [17–1] at ¶ 3. Aegis LLC

was incorporated on May 30, 2006, almost a full year after the date of Plaintiff's injury and two full years after Aegis UK signed the Contract with the U.S. Government. *Id.* A corporation can be held liable for the torts of its employees if committed within the scope of their employment, *Keys v. Wash. Metro. Area Transit Auth.,* 408 F.Supp.2d 1, 4 (D.D.C.2005), however, corporate liability attaches only upon the corporation's existence or a successor corporation assumes liability. *See Maytag Corp. v. Navistar Int'l Transp. Corp.,* 219 F.3d 587, 589 (7th Cir.2000) (stating that federal law does not alter the common law principal that a corporation cannot be held liable if it does not exist). In light of the absence of any evidence that Aegis LLC acquired ownership of Aegis UK or assumed its liabilities, the undersigned finds Aegis LLC cannot be held liable for injuries that occurred prior to its corporate existence, and accordingly recommends that the Court grant summary judgment pursuant to Federal Rule of Civil Procedure 56(a).

Plaintiff attempts to establish Aegis LLC's liability for the actions of an employee of Aegis UK by advancing three theories: (1) the alter ego theory; (2) the successor liability theory; and (3) the agency theory. Plaintiff has failed to demonstrate the applicability of any of these legal theories to the facts. Notwithstanding the undersigned's conclusion that Aegis LLC has no liability based on corporate non-existence, the undersigned will address each of the Plaintiff's theories. Plaintiff, in his motion, also requested further discovery. He has failed to show that further discovery is timely or warranted.

## I. Alter Ego

■ Plaintiff alleges that Aegis LLC was the alter ego of Aegis UK. Pl.'s Opp'n. [50] at 1. Generally, a corporation is treated as a separate and distinct juridical entity, independent of its owner. *Quinn v. Butz,* 510 F.2d 743, 757 (D.C.Cir.1975). Even if it is wholly owned by one individual or entity, a corporation is recognized as an autonomous being. *Id.* Whether one corporation is the alter ego of another is a question of law to be decided by the court. *Shapiro, Lifschitz & Schram, P.C. v. R.E. Hazard, Jr., Ltd. P'ship,* 90 F.Supp.2d 15, 22 (D.D.C.2000) (citation omitted).

■ To pierce the corporate veil of two corporations and thereby for the purpose of establishing that one is the alter ego of the other, Plaintiff must show "by affirmative evidence that there is not only unity of ownership and interest between the two corporations, but also use of the corporate form to perpetrate fraud or wrong." *Jackson v. Loews Wash. Cinemas, Inc.,* 944 A.2d 1088, 1095 (D.C.2008) (quoting *Vuitch v. Furr,* 482 A.2d 811, 815 (D.C.1984)) (internal quotations omitted). In addition, the relevant time period for assessing whether two entities are alter egos is the time during which a business relationship existed between the plaintiff and defendant. *Labadie Coal Co. v. Black,* 672 F.2d 92, 96 (D.C.Cir.1982).

### a. Unity of Interest

■ To assess whether there is a unity of ownership and interest, the court may consider the following factors: "(1) the nature of the corporate ownership and control; (2) failure to maintain corporate minutes or records; (3) failure to maintain corporate formalities; (4) commingling of funds and assets; (5) diversion of one corporation's funds to the other's uses; and (6) use of the same office or business location." *Mazza v. Verizon Wash. DC, Inc.,* 852 F.Supp.2d 28, 41 (D.D.C.2012) (citing *Labadie,* 672 F.2d at 96). Piercing the corporate veil of a corporate parent and its subsidiary corporation with separate iden-

tities is a "rare exception grounded in equity considerations." *Adm'rs of the Tulane Educ. Fund v. Ipsen Pharma, S.A.S.,* 770 F.Supp.2d 24, 28 (D.D.C.2011). Therefore, the factor that predominates will vary in each case and "the decision to pierce will be influenced by considerations of who should bear the risk of loss and what degree of legitimacy exists for those claiming the limited liability protection of a corporation." *Vuitch,* 482 A.2d at 816.

■ In applying the unity of ownership and interest prong, the undersigned finds that Aegis LLC and Aegis UK have no unity of ownership and interest. First, the undisputed facts reveal that Aegis UK and Aegis LLC have maintained the proper corporate formalities. Specifically, Aegis UK and Aegis LLC do not commingle assets and funds, Day Decl. Oct. 2012 [48–1] at ¶ 30, nor do they share offices or business locations, and they maintain separate payrolls. Day Decl. Dec. 2009 [17–1] at ¶¶ 23, 31, 32. Although, two members of the Aegis UK board of directors are members of Aegis LLC's board of directors, Day Decl. Dec. 2009 [17–1] at ¶ 28, this fact alone is insufficient to demonstrate that the two are alter egos. *Tall v. Comcast of Potomac, LLC,* 729 F.Supp.2d 342, 348 n. 5 (D.D.C.2010) ("[S]hared executives, by itself, does not demonstrate that two corporations are alter egos.") Furthermore, the Supreme Court has recognized that "it is entirely appropriate for directors of a parent corporation to serve as directors of its subsidiary." *United States v. Bestfoods,* 524 U.S. 51, 69, 118 S.Ct. 1876, 141 L.Ed.2d 43 (1998).

Second, Aegis UK does not have the requisite control over Aegis LLC, as evidenced by the SSA that was executed between Aegis LLC and the U.S. Government. Def.'s Reply [58] at 6. The provisions of the SSA require Aegis LLC to "manage its own affairs to mitigate the risk of foreign ownership, control, and influence" and Aegis LLC is required to obtain Aegis UK's consent only when it operates outside of the normal course of its business. Def.'s Reply [58] at 5–6. Therefore, pursuant to a contractual agreement with the U.S. Government, Aegis LLC manages its own day-to-day business affairs free from Aegis UK's control and influence.

■ Third, "[d]ominant stock ownership alone does not create an identity of interest as an alter ego." *Flocco v. State Farm Mut. Auto. Ins. Co.,* 752 A.2d 147, 154 (D.C.2000). Accordingly, the fact that Aegis UK as the parent owned 99% of the shares of Aegis LLC, Day Decl. Dec. 2009 [17–1] at ¶ 24, Aegis UK is not automatically liable for Aegis LLC's activities, including tortious conduct, nor is Aegis LLC as the subsidiary automatically liable for Aegis UK's activities.

Fourth, Plaintiff also failed to provide any case law supporting his theory of attributing liability to Aegis LLC because of the existence of a pass-through tax structure of a disregarded entity. Pl.'s Opp'n. [50]. Between 2006 and 2008, when 100% of Aegis LLC's shares were owned by Aegis UK, Aegis LLC was treated as a disregarded entity by the IRS and the taxable income earned by Aegis LLC was reflected in federal and District of Columbia tax returns filed by Aegis UK. Day Decl. Oct. 2012 [48–1] at ¶ 37. In the case of a limited liability corporation with only one owner, the limited liability corporation must be classified as a disregarded entity. 26 C.F.R. § 301.7701–2(c)(2). Instead of filing a separate tax return for the limited liability corporation, the owner would report the income of the disregarded entity directly on the owner's tax return. *Id.* Moreover, determining whether corporate formalities have been disregarded requires more than just recognizing the tax ar-

rangements between a corporation and its shareholders. *See United States v. Acambaro Mexican Restaurant, Inc.,* 631 F.3d 880, 883 (8th Cir.2011). Given the above analysis, the undersigned finds that there is no unity of ownership and interest between Aegis UK and Aegis LLC.

### b. Fraud

In determining if the corporate structure has been used to perpetrate fraud or some other wrong, a showing of fraud need not "directly taint[ ] the obligation on which the plaintiff is suing...." *Vuitch,* 482 A.2d at 815 (internal citations omitted). Rather, "considerations of justice and equity can justify piercing the corporate veil." *Id.*

In applying the fraud prong, nowhere in his opposition to Aegis LLC's Motion has Plaintiff alleged any facts or shown any evidence that Aegis LLC's corporate form was used to perpetrate fraud. Pl.'s Opp'n. [50]. With a record devoid of such facts, the undersigned finds that Plaintiff's alter ego theory necessarily fails.

### c. Time

As an additional component to this analysis, the relevant time period for examining whether two entities are alter egos is the time during which a business relationship existed between plaintiff and defendant. *Labadie Coal Co.,* 672 F.2d at 96. Therefore, even if Plaintiff had alleged evidence sufficient to meet the two-part test set forth in *Jackson,* the alter ego theory still fails because the business relationship between Plaintiff and Aegis UK existed in 2005 and Aegis LLC was nonexistent at that time. Day Decl. Dec. 2009 [17–1] at ¶ 3.

### II.  Successor Liability

Plaintiff further alleges that Aegis LLC is the successor of Aegis UK. Pl.'s Opp'n. [50] at 7. As a general rule, "a business entity which acquires the assets of another business is not liable for its predecessor's liabilities and debts." *Bingham v. Goldberg, Marchesano, Kohlman, Inc.,* 637 A.2d 81, 89 (D.C.1994). However, this jurisdiction has recognized several exceptions. *Id.; see also Estate of Raleigh v. Mitchell,* 947 A.2d 464, 470 (D.C.2008). Those exceptions are:

> (1) the buyer expressly or impliedly agrees to assume such debts; or (2) the transaction amounts to a de facto merger of the buyer and seller; or (3) the buying corporation is a mere continuation of the selling corporation; or (4) the transaction is entered into fraudulently in order to escape liability for such debts. *Bingham,* 637 A.2d at 89–90 (quoting *Bud Antle, Inc. v. Eastern Foods, Inc.,* 758 F.2d 1451, 1456 (11th Cir.1985) (emphasis added)).

In this case, Plaintiff only argued that the continuation exception applies. Pl's Opp'n [50] at 7. Accordingly, the analysis is confined to this exception.

The continuation exception applies only "when the purchasing corporation is merely a continuation or reincarnation of the selling corporation." *Bud Antle,* 758 F.2d at 1458. To determine whether one business is a continuation of a predecessor, the Court should consider factors such as whether there was a purchasing or selling of assets between the entities and if there is "a common identity of officers, directors and stockholders in the selling and purchasing corporations." *Id.* at 1459. In addition, the continuation exception to the general successor liability rule is inapplicable whereas in this case, the predecessor entity remains a viable business concern. *Flaugher v. Cone Automatic Mach. Co.,* 30 Ohio St.3d 60, 507 N.E.2d 331, 336 (1987).

■ The undersigned finds that the continuation theory is simply inapplicable to the facts of this case for two significant reasons. First, there was no sale of assets between Aegis UK and Aegis LLC as is required by the general rule. *See Bingham*, 637 A.2d at 89. An employee of Aegis UK caused Plaintiff's gunshot injury. Aegis UK Mot. Dismiss [48] at 1. Aegis LLC did not purchase the assets of Aegis UK and thereby became liable for Aegis UK's alleged tortious conduct. Furthermore, the continuation exception applies only "when the purchasing corporation is merely a continuation or reincarnation of the selling corporation." *Bud Antle*, 758 F.2d at 1458. In this case, Aegis LLC did not purchase the assets of Aegis UK and thus reincarnate Aegis UK; instead, Aegis LLC is an entirely new, discrete entity that was established by Aegis UK two years after the injury was sustained by the Plaintiff. Day Decl. Dec. 2009 [17–1] at ¶ 3. Based on these facts alone, successor liability is inapplicable.

Second, successor liability presumes that the predecessor entity is absorbed into the successor and ceases to exist as a viable or functional business. *See Bingham*, 637 A.2d at 90; *see also Flaugher*, 507 N.E.2d at 336. In this case, the supposed predecessor entity, Aegis UK, remains a viable business concern. Therefore, successor liability is inapposite.

### III. Agency

Plaintiff also alleged that agency law applied to these facts; however, the undersigned finds that agency law is inapplicable. There are several ambiguities in Plaintiff's brief concerning his agency argument that preclude the application of agency law. First, the entity that Plaintiff claims to be the principal or agent is unclear in his opposition to Defendant Aegis LLC's Motion for Summary Judgment.

*See* Pl.'s Opp'n. [50]. Second, Plaintiff neglected to assert his agency theory by failing to sufficiently advance it in his opposition brief. More specifically, in his opposition, Plaintiff only incidentally mentioned his agency theory. *Id.* at 3 (stating on only two occasions on page 3 that Aegis UK and Aegis LLC "have such an incestuous relationship that they satisfy the ... agency doctrine for the purposes of liability.")

■ The existence of an agency relationship is a factual question "for which the person asserting the relationship has the burden of proof." *Henderson v. Charles E. Smith Mgmt., Inc.*, 567 A.2d 59, 62 (D.C.1989). This jurisdiction has established a two-part test for determining whether such a relationship exists: (1) "the court must look for evidence of the parties' *consent* to establish a principal-agent relationship," and (2) "the court must look for evidence that the activities of the agent are subject to the principal's *control.*" *Id.* (emphasis in original; citations omitted).

■ Relevant factors that are indicative of control include "(1) the selection and engagement of the servant, (2) the payment of wages, (3) the power to discharge, (4) the power to control the servant's conduct, (5) and whether the work is part of the regular business of the employer." *Judah v. Reiner*, 744 A.2d 1037, 1040 (D.C.2000) (quoting *LeGrand v. Ins. Co. of N. Am.*, 241 A.2d 734, 735 (D.C.1968)). "[T]he right to control, rather than its actual exercise, is usually dispositive of whether there is an agency relationship." *Judah*, 744 A.2d at 1040 (citation omitted).

Apparently the Plaintiff wants the Court to find that regardless of whichever corporation is the principal or the agent, liability rests with both. In this case, the entity that Plaintiff claims to be the principal or agent is unknown. However, as the party

claiming the existence of an agency relationship, Plaintiff has the burden of proving it. *Henderson*, 567 A.2d at 62. If Plaintiff believes that Aegis UK is the principal of Aegis LLC, then it would seem that Plaintiff is asserting that the supposed agent (Aegis LLC) could be liable for the supposed principal's (Aegis UK) actions. (Pl.'s Opp'n. [50] at 3.) The Restatement (Third) of Agency provides that a *principal* is liable for the actions of the *agent;* it does not provide that the *agent* is liable for the actions of the *principal. Restatement (Third) of Agency* § 7.03 (2006) (emphasis added); *see also Restatement (Third) of Agency* § 7.03 cmt. b (2006) (confirming that "[p]rincipals, not agents, are subject to vicarious liability.") Thus, Plaintiff's version of agency law is a great departure from the well-established body of law on agency.

With respect to the consent element, Plaintiff has not alleged any facts indicating that Aegis UK has manifested a desire for Aegis LLC to act on behalf of Aegis UK or that Aegis LLC has consented to act on behalf of Aegis UK. Therefore, the consent element is not established in this case.

██ Regarding the control element, the undersigned finds that the SSA between Aegis LLC and the DOD preclude Aegis UK from exercising the requisite control over Aegis LLC to establish an agency relationship. Specifically, the SSA provides that Aegis LLC is "required to manage its own affairs to mitigate the risk of foreign ownership, control, and influence." Def.'s Reply [58] at 5–6. Additionally, the undersigned finds that Plaintiff must have recognized the control-limiting effects of the SSA considering that Plaintiff stipulated that his legal theories "shall apply to all times prior to Aegis LLC entering into the SSA." Pl.'s Opp'n to Def. Aegis UK's Mot. to Dismiss [52] at 21.

In summary, the undersigned finds that the Plaintiff's version of agency theory is contrary to the foundational principles of agency law and that Plaintiff failed to carry his burden of demonstrating the existence of the consent and control elements required by agency law. Accordingly, the undersigned finds that Aegis UK is not the principal of Aegis LLC, nor is Aegis LLC the agent of Aegis UK and that agency theory relied upon by Plaintiff simply does not apply on these facts.

**Further Discovery**

██ In his opposition, Plaintiff requested further discovery. Discovery closed in this case on March 22, 2010. Judge Roberts' Minute Order, 3/12/2010. On December 21, 2011, Plaintiff filed a Motion to Compel [42], requesting Aegis UK's tax returns for seven years prior; a list of all of Aegis UK's vendors; a list of all of Aegis UK's customers in the United States; and all communications between Aegis UK and third parties that performed recruiting and vetting work for Aegis UK. Pl.'s Mot. to Compel [42]. The undersigned resolved this motion on August 20, 2012. Mem. Op. [44], 286 F.R.D. 67. The undersigned granted access to Aegis UK's United States federal and District of Columbia tax returns and a list of Aegis UK's District of Columbia vendors. *Id.* at 72–73.

The undersigned finds that the Plaintiff had ample time to conduct discovery. None of the theories advanced by the Plaintiff establish that Aegis LLC is in any way liable for any tortious conduct of Aegis UK. The Plaintiff's effort to establish jurisdiction fails. Given the window of opportunity already granted for discovery, the undersigned finds that Plaintiff's discovery request is not timely and recommends that the Court deny it.

## CONCLUSION

The undersigned finds that Plaintiff has failed sufficiently establish an alter ego, successor, or agency relationship between Aegis LLC and Aegis UK. Additionally, the Plaintiff has failed to demonstrate why additional discovery is necessary or appropriate at this stage in the proceeding. For the reasons stated herein, the undersigned recommends that Defendant Aegis LLC's Motion for Summary Judgment be granted.

## *REVIEW BY THE DISTRICT COURT*

The parties are hereby advised that under the provisions of Local Rule 72.3(b) of the United States District Court for the District of Columbia, any party who objects to the Report and Recommendation must file a written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the report and/or recommendation to which objection is made, and the basis for such objections. The parties are further advised that failure to file timely objections to the findings and recommendations set forth in this report may waive their right of appeal from an order of the District Court that adopts such findings and recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).

Date: 8/7/2013.